IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ARVENIA ALLEN, | : | Case No. 1:24-cv-27 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| SAM'S CLUB, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment
(Doc. 14). Plaintiff filed a Response in Opposition (Doc. 19), to which Defendant filed a
Reply in Support (Doc. 20). Thus, this matter is ripe for the Court's review. For the reasons
below, Defendant's Motion for Summary Judgment (Doc. 14) is **GRANTED**.

## BACKGROUND

On December 30, 2021, Plaintiff Arvenia Allen travelled to a gas station owned
and operated by Defendant Sam's Club. (Compl., Doc. 4, ¶¶ 1, 3; Motion, Doc. 14, Pg. ID
64 (explaining that Defendant was mislabeled in the Complaint as "Sam's Club" rather
than as "Sam's East")). As Plaintiff walked around the gas station, she tripped and fell on
a pipe protruding from the ground. (*Id.* at ¶ 3.) Plaintiff allegedly incurred $38,338.81 in
medical expenses to treat her injuries resulting from her fall. (*Id.* at ¶ 7.)

Plaintiff filed her Complaint against Defendants Sam's Club, John Does 1-10, and
John Doe Corporations 11-20 on December 21, 2023, in the Court of Common Pleas of

Hamilton County, Ohio. (*See* Notice of Removal, Doc. 1.) Defendant Sam's Club then removed the action to this Court on January 22, 2024. (*Id.*) The Court dismissed Defendants John Does 1-10 and John Doe Corporations 11-20 on June 3, 2024. (Order, Doc. 7.) Then, on September 14, 2024, Defendant Sam's Club moved for summary judgment. (Motion, Doc. 14.)

## LAW

When there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, the district court shall grant summary judgment. Fed. R. Civ. P. 56(a). The moving party has the burden to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party meets that burden, then it becomes the nonmoving party's responsibility to point to specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A court is under no obligation to search the record for genuine issues of material fact. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996).

Moreover, a "mere scintilla" of evidence in support of the nonmoving party's position is not enough to avoid summary judgment. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005). Rather, to preclude summary judgment, the nonmoving party must put forward probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element on which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477

U.S. at 323.

## ANALYSIS

Plaintiff brings two claims against Defendant Sam's Club: negligence and the breach of the duty of care. (*See* Compl., Doc. 4.) Defendant Sam's Club moves for summary judgment, arguing that the condition of the alleged danger was open and obvious and that it lacked notice of the danger. (*See* Motion, Doc. 14.) As Defendant's first argument is dispositive, the Court begins and ends its analysis there.

To succeed on a negligence claim under Ohio law, a plaintiff must establish that: "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel Inc.*, 909 N.E.2d 120, 122-23 (Ohio 2009). But, "a landowner has no duty to warn [entrants] of open and obvious dangers and is thus not liable for any injuries resulting from such dangers." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 724-25 (6th Cir. 2012) (quotation omitted). "A danger is open and obvious if it is reasonably observable and thus would be seen by someone acting with ordinary care under the circumstances; the plaintiff need not actually have seen it." *Id.* at 725 (quotation omitted). Determining whether a danger is observable "depends upon the particular circumstances surrounding the hazard." *Id.* (quotation omitted). Given that this inquiry is extremely fact specific, previous decisions analyzing whether a hazard is open and obvious are of "limited value." *Id.* (quoting *Hissong v. Miller*, 927 N.E.2d 1161, 1167 (Ohio Ct. App. 2010)). Accordingly, observability may be a question for the jury when facts are disputed, or reasonable minds could disagree. *Id.*

3

Here, Plaintiff tripped on a pipe protruding from the ground at a gas station. (Compl., Doc. 4, ¶ 3.) Plaintiff, however, admits that the pipe was both visible and observable at the time of her injury. (Requests for Admission, Doc. 13-1, Pg. ID 59-60.) Thus, by Plaintiff's own admission, the pipe was an open and obvious danger. *See Andler*, 670 F.3d at 725; *Armstrong v. Best Buy Co.*, 788 N.E.2d 1088, 1092 (Ohio 2003) ("[I]n viewing the photographs supplied by both parties, we find that as a matter of law, the [hazard] was visible to all persons [and] presented an open-and-obvious danger."). Moreover, Plaintiff admitted that she had been to this gas station before. (Requests for Admission, Doc. 13-1, Pg. ID 59.) A plaintiff's familiarity with a location is a "key factor that Ohio courts consider when determining whether a dangerous condition is open and obvious." *Snyder v. Walmart, Inc.*, No. 21-3989, 2022 U.S. App. LEXIS 32983, at *8 (6th Cir. Nov. 29, 2022). Since Plaintiff was familiar with the gas station, it is even more reasonable that she could observe the condition. *Id.* As the pipe was an open and obvious danger, Defendant Sam's Club had no duty to warn of its existence and is not liable for any injuries resulting from the pipe. *Andler*, 670 F.3d at 724-25.

Plaintiff argues that since the parties have engaged in little to no discovery, there is insufficient information to determine whether the pipe was an open and obvious danger. (Response, Doc. 19, Pg. ID 104.) Plaintiff's argument is unpersuasive. The discovery deadline passed on February 1, 2025, (Calendar Order, Doc. 11, Pg ID 55) and Plaintiff has not requested any outstanding discovery materials. Among the discovery that did occur, Defendant Sam's Club provided Plaintiff with a photograph of the pipe at issue. (Requests for Admission, Doc. 13-1, Pg. ID 63.) Plaintiff then confirmed the pictured

4

pipe was the alleged hazard and admitted that it was visible and observable. (*Id.* at Pg. ID 59-60.) In light of the photograph, and Plaintiff's admissions, Defendant Sam's Club is entitled to summary judgment.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant Sam's Club's Motion for Summary Judgment (Doc. 14). This case shall be **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND